UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JASON BOUDREAU
    Plaintiff

v.

DOUG SMITH, JAMES BENTZ,
DAVID RICCIO, BRENDAN CULLEN
    Defendants

Case No. 3:17-cv-00589 (SRU)

OCT 28 2019 PM1:34
FILED-USDC-CT-NEW_HAVEN

## PLAINTIFF'S MOTION TO ALLOW PRODUCTION OF TOUHY REQUESTS RELATED TO THE DEFENDANTS MISSING TEXT MESSAGES

Now comes the Plaintiff, Jason Boudreau, and hereby moves this Honorable Court for allowing the production of Touhy requests related to the Defendants missing text messages. In support, the Plaintiff states the following:

### ARGUMENT

Although discovery has closed, there remain discovery motions outstanding. In August 2019 the Court granted the Plaintiff's motion to compel and ordered the production of Defendant Brendan Cullen's text messages. The Defendant responded by stating that the text messages were lost due to a alleged cell phone carrier switch in February 2016 for all Department of Homeland Security employees. The alleged carrier switch was never disclosed prior to September 2019 despite numerous discovery requests related to the text messages.

In the Defendant's objection to the Plaintiff's motion for sanctions, he attached a "notice of Preservation" letter from DHS legal cousel. In that letter, several instructions were given, including documenting any evidence preservation and/or recovery actions. Also, the Defendant did not provide any documentation on the alleged carrier switch, the disposition of his December 2015 cell phone, DHS record retention policies, or DHS electronically stored information retention policies. Further, the Defendant did not provide

1

any documentation regarding any attempts to recover the text messages from the cell phone service provider or from DHS's systems or files. The Plaintiff also seeks documentation regarding what data was transferred from the old cell phones to the new cell phones during the carrier switch, as it would seem unlikely that DHS would allow all data from all of its employees "old" phones to be destroyed forever with no backup of the data.

Attached as Exhibit 1 is the Plaintiff's <u>Touhy</u> requests that will be propounded on the Department of Homeland Security for the Court's review. The Plaintiff respectfully requests that discovery be re-opened for the limited purpose to allow production of the requested <u>Touhy</u> documentation.

Respectfully Submitted,

Jason Boudreau
#10950070
Donald W. Wyatt Detention Facility
950 High Street
Central Falls, RI 02863

### CERTIFICATION

I, Jason Boudreau, hereby certify that I mailed a copy of this document to attorney Michelle McConaghy, U.S. Attorney Office, 157 Church Street, 25th Floor, New Haven, CT 06510 on October 22, 2019

Jason Boudreau

Exhibit 1

October 19, 2019

Jason Boudreau
#10950070
Donald W. Wyatt Detention Facility
950 High Street
Central Falls, RI 02863

U.S. Dept. of Homeland Security
Office of the Principal Legal Advisor
Attn: Jon Kaplan
500 12th Street
Room 9060
Washington, DC 20536

RE: Boudreau v. Smith, et al
    Case No. 17-cv-00589 (SRU)
    Touhy Requests

Dear Mr. Kaplan,

I am requesting the following information and documentation for the above referenced case in accordance with the Touhy regulations.

Request no. 1: All Homeland Security policies related to the retention of documents and electronically stored information ("ESI"). This information is relevant as it pertains to whether or not ESI was properly preserved in this case, as issues have arisen regarding missing ESI.

Request No. 2: All documentation related to the preservation of evidence as instructed in your Notice of Preservation of Evidence letter dated September 7, 2017. Your letter stated "You are also advised to document the specific actions your office takes in response to this letter." I am specifically looking for all documents related to the specific actions anyone took to preserve any evidence, specifically ESI in this case. This information is relevant as it pertains to whether or not ESI was properly preserved in this case, as issues have arisen regarding missing ESI.

Request No. 3: All documents related to any search for text messages from the Defendants cell phones at any time during this case, including documentation from the cell phone service providers, or other documentation.

1

related to the attempted recovery of the text messages. This information is relevant as it pertains to whether or not ESI was properly preserved in this case, as issues have arisen regarding missing ESI.

Request No. 4: All docuemnts that pertain to the cell phone carrier switch in February 2016, including when the switch occurred, what happened to the Defendants DHS cell phons, what happened to all of the data on those phones during the switch, as well as documents related to the make and model of the Defendants cell phones before the switch and after the switch. I am also seeking documents related to any data preservation letters, memoranda, notes, etc. that gave instructions as to how and when any data on the cell phones would be backed up. This information is relevant as it pertains to whether or not ESI was properly preserved in this case, as issues have arisen regarding missing ESI.

Request No. 5: All documents that pertain to data backup/retrieval when a DHS employee receives a new cell phone. This information is relevant as it pertains to whether or not ESI was properly preserved in this case, as issues have arisen regarding missing ESI.

Request No. 6: All retention policies for text messages on DHS employee phones. This information is relevant as it pertains to whether or not ESI was properly preserved in this case, as issues have arisen regarding missing ESI.

Request No. 7: All documents related to the disposition of any text messages sent or received on December 29, 2015 from agent Doug Smith, or David Riccio's DHS cell phones. This information is relevant as it pertains to whether or not ESI was properly preserved in this case, as issues have arisen regarding missing ESI.

Request No. 8: All documents related to any steps the Defendants took to preserve evidence after you issued your September 7, 2017 letter regarding preservation of evidence. This information is relevant as it pertains to whether or not ESI was properly preserved in this case, as issues have arisen regarding missing ESI.

Request No. 9: All documents and ESI related to any action that the Chief Information Officer took to preserve and/or recover any evidence, including ESI, that pertained to this case. This information is relevant as it pertains to whether or not ESI was properly preserved in this case, as issues have arisen regarding missing ESI.

Request No. 10: All documents and ESI related to any preservation and/or recovery of evidence by DHS and/or the Defendants that pertains to the Plaintiff's criminal case, including any notices issued that instructed the Defendants or others to preserve evidence for that case, any steps taken by anyone at ICE/DHS to preserve and/or recover evidence relevant to that case. Documents should also include any notice that the U.S. Attorney's Office or ICE/DHS provided to the Plaintiff's criminal attorney regarding any and all missing evidence, including the Defendants text messages. This informatio nis relevant as it pertains to whether or not ESI was properly preserved in this case, as issues have arisen regarding missing ESI.

Request No. 11: All e-mails sent or received by DHS Legal advisor Jon Kaplan that pertain to the Plaintiff's January 2016 Notice of Intent to Sue Letter. I am only seeking emails in 2016. In your sworn declaration you stated that "I received an e-mail from the ICE Homeland Security Investigations field office in Warwick, Rhode Island, that it had received a January 12, 2016 letter by Mr. Boudreau..." I am seeking those emails and any others that pertain to that letter, including your responsive emails. This information is relevant as it pertains to whether or not ESI was properly preserved in this case, as issues have arisen regarding missing ESI.

Request No. 12: All documents, including policies and procedures related to the "Widepoint portal" that pertains to cell phone records, including but not limited to photos, text messages, videos, emails, and call logs. This information is relevant as it pertains to whether or not ESI was properly preserved in this case, as issues have arisen regarding missing ESI.

I greatly appreciate your assistance with these document requests. Please let me know if you need any further informatio nregarding these requests.

Sincerely,

Jason Boudreau

4